IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN CONSULTING GROUP, INC. d/b/a EMPLOYER OPERATIONS OPTIONS HR, a Nevada corporation; and EMPLOYER OPERATIONS LLC, a Nevada limited liability company,<br><br>Plaintiffs,<br>v.<br><br>GUARANTEE INSURANCE COMPANY, a Florida corporation; ULLICO CASUALTY COMPANY, a Delaware corporation; and PATRIOT UNDERWRITERS, INC., a Delaware corporation,<br>Defendants. | **MEMORANDUM DECISION AND ORDER FINDING MOTION TO STAY MOOT and ORDER DENYING MOTION TO REMAND**<br><br><br><br><br>Case No. 2:13-cv-13-DN<br><br>District Judge David Nuffer |

This is a contractual dispute between an insurer (Defendants) and an employer

(Plaintiffs). Plaintiffs seek remand pursuant to 28 U.S.C. § 1445(c), alleging their causes of

action arise under Utah workers' compensation law. The motion to remand is DENIED.

**Background**

This case was removed from Utah Third District Court. After removal, Defendants filed a

motion to stay[1] pending resolution of a motion to dismiss in an earlier filed case in the U.S.

District Court for the Southern District of Florida. That case involved the same parties and

substantially the same issues.[2] Defendants "believe this case should ultimately be dismissed or

---

[1] Motion to Stay and to Extend Time to Answer (Motion to Stay), docket no. 7, filed January 18, 2013.

[2] *Guarantee Insurance Company and Ullico Casualty Company v. Intermountain Consulting Group, Inc., d/b/a Employer Options HR, and Employer Operations, LLC*, Case No. 12-cv-61989-JIC (Florida Action), Complaint filed October 7, 2012.

transferred under the first-to-file rule."[3] Defendants also requested an extension of time to answer or otherwise respond to the complaint.[4] Plaintiffs filed a motion to remand to state court.[5] Defendants' motion for an extension of time to answer was granted,[6] but the motions to remand and stay were taken under advisement.[7] Defendants were ordered to file a sur-reply to the motion to remand, and each party was directed to file a supplemental memorandum regarding removability of this dispute in light of 18 U.S.C. § 1445(c).[8]

### Motion to Stay

On April 1, 2013, the parties filed a status report on the progress of the Florida action,[9] which states:

> On March 28 the court, due to the fact that substitute counsel [for ICG and Employer Operations LLC] had failed to appear, (1) struck ICG and Employer Operations LLC's answer, affirmative defenses, counterclaim, and third party complaint, (2) denied the motion to dismiss as moot, (3) directed the clerk of court to enter default against them, and (4) ordered Patriot (and, if not subject to the rehabilitation order, Ullico) to file a motion for default judgment on or before April 26, 2013. (*See* Ex. A.) As directed the clerk entered default as to ICG and Employer Operations LLC. (A copy of the docket text is attached as Ex. E.)[10]

---

[3] Motion to Stay at 2.

[4] Motion to Stay at 1.

[5] Amended Motion to Remand and Memorandum in Support (Motion to Remand), docket no. 11, filed February 7, 2013.

[6] Order granting Motion for Extension of Time to Answer, docket no. 6, filed January 15, 2013.

[7] Order Granting Motion for Extension of Time to File Answer and Taking Under Advisement Motion to Stay and Motion to Remand at 2, docket no. 17, filed March 7, 2013.

[8] *Id*. (As noted by the parties, the court's order contained a typographical error inadvertently citing to 28 U.S.C. § 1446(c) instead of the correct statute 28 U.S.C. § 1445(c)).

[9] Joint Statement of the Status of the Florida Action, docket no. 23, filed April 1, 2013.

[10] *Id*. at 2 (referenced Ex. A is docket no. 23-1; referenced Ex. E is docket no. 23-5).

Because the Florida action resolved through default judgment,[11] the reason Defendants wanted to stay this case and transfer it under the first to file rule[12] no longer exists and the motion to stay is now MOOT. The motion to remand will now be decided.

## Motion to Remand

Defendants removed the case to this court based on diversity jurisdiction.[13] Plaintiffs claim the case arises under workers' compensation laws and move to remand to state court, based on 28 U.S.C. § 1445(c): "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." Plaintiffs claim that their causes of action arise under the workers' compensation laws because this is a dispute between the employer and insurance carrier over a workers' compensation policy, and because Plaintiffs' claims rely on substantial interpretation of Utah's workers' compensation laws.[14] Defendants disagree, arguing that 28 U.S.C. § 1445(c) was never intended to bar removal of disputes between carriers and employers. Defendants argue that Plaintiffs' claims are contractual, and therefore do not arise out of workers' compensation laws.[15] Plaintiffs' claims are: 1) Breach of Contract, 2) Breach of the Implied Covenant of Good Faith and Fair Dealing, 3) Unjust Enrichment, 4) Declaratory Judgment, 5) Conversion, 6) Fraudulent Concealment, and 7) Civil Conspiracy.[16]

---

[11] *See* Florida Action, docket nos. 46-47, filed May 22, 2013 (granting Plaintiffs' motions for default judgment and closing case).

[12] Motion to Stay at 2.

[13] Notice of Removal of a Civil Action, docket no. 2, filed January 7, 2013.

[14] Motion to Remand at 2-3.

[15] Memorandum in Opposition to Plaintiffs' Amended Motion to Remand (Memorandum in Opposition) at 3, docket no. 13, filed February 14, 2013.

[16] State Summons & Complaint (Complaint), docket no. 2-2, filed January 7, 2013.

**Analysis**

This order will first examine the propriety of remand under Tenth Circuit precedent and then under an alternative, non-conflicting analysis used in other circuits. These cases usually analyze whether retaliatory discharge claims arise under workers' compensation laws. That is the type of claim most often examined under 28 U.S.C. § 1445(c). Regardless of the different subject matter, the same analysis applies.

The Tenth Circuit applied the "arising under" test of 28 U.S.C. § 1445(c) in *Suder v. Blue Circle, Inc.*[17] The Tenth Circuit held that a plaintiff's claim for retaliatory discharge arose under the workers' compensation laws of the state of Oklahoma because state workers' compensation law created the cause of action.[18] This conclusion was based on the text of Oklahoma's Workers' Compensation Act and previous Oklahoma case law.[19]

The *Suder* court distinguished *Spearman v. Exxon Coal USA, Inc.*,[20] in which the Seventh Circuit held that a retaliatory discharge claim did not arise under Illinois workers' compensation law. The difference between *Suder* and *Spearman* was that "Illinois law of retaliatory discharge had its genesis, not in any statutory workers' compensation scheme, but rather in the general tort law of the state."[21]

The *Suder* court relied on *Humphrey v. Sequentia, Inc.*,[22] where the Eighth Circuit found that a Missouri plaintiff's claim for retaliatory discharge arose under Missouri workers' compensation law because text of the state workers' compensation statute created a specific

---

[17] 116 F.3d 1351 (10th Cir. 1997).

[18] *Id*. at 1352.

[19] *Id*.

[20] 16 F.3d 722 (7th Cir.1994).

[21] *Suder*, 116 F.3d at 1352.

[22] 58 F.3d 1238 (8th Cir.1995).

cause of action for retaliatory discharge. The Eight Circuit pointed out that "[u]nlike the common law tort action brought by the plaintiff in *Spearman*, plaintiff's original state court action . . . was brought pursuant to a state statute."[23]

A district court in the Tenth Circuit used the *Suder* analysis to deny a motion to remand in a retaliatory discharge claim. In *Rundle v. Frontier-Kemper Constructors, Inc.*,[24] the District of Colorado addressed whether a wrongful termination action arose under Colorado workers' compensation law. The court explained the different results in the circuit decisions dealing with retaliatory discharge claims. The varying results

> primarily [depended] on whether the cause of action has been codified in the state's workers' compensation statute. In cases where the cause of action is statutorily created, the claim is generally held to "arise under" for purposes of § 1445(c). Conversely, where the claim has been judicially created, removal has been held proper under § 1445(c).[25]

The *Rundle* court then reviewed Colorado's workers' compensation law and found that the Colorado cause of action for wrongful termination was not created by the state's workers' compensation law, but is a common law claim.[26]

Another district court in the Tenth Circuit used the *Suder* analysis to similarly deny remand of a retaliatory discharge claim. In *Vignery v. Ed Bozarth Chevrolet, Inc.*,[27] the District of Kansas found that the claim was not created by state law, but by common law. Even though the plaintiff's complaint referenced state workers' compensation law the court explained that just as "[a] suit on a contract does not 'arise under' the copyright laws even though a copyright may

---

[23] *Id*. at 1245.

[24] 170 F.Supp.2d 1075 (D. Colo.).

[25] *Id*. at 1079.

[26] *Id*. at 1080.

[27] *Vignery v. Ed Bozarth Chevrolet, Inc.*, 2009 WL 635128 (D. Kan. 2009).

have been the subject matter of the contract," a suit on tort does arise under workers

compensation law just because it is referenced in the tort. [28]

Of Plaintiffs' seven claims, the only claim that Plaintiffs assert to be directly created by

the text of Utah workers' compensation law is their sixth claim for fraudulent concealment.[29]

This assertion was not made in the complaint, but in Plaintiffs' motion to remand.[30] Utah Code

Ann. § 34A-2-110 lists the elements of a workers' compensation fraud crime, but does not

mention a civil cause of action.[31] Plaintiffs' general civil claim for fraud is not created by a

workers' compensation statute which criminalizes fraudulent workers' compensation schemes. In

their own complaint, Plaintiffs allege there was a duty to disclose, "by virtue of the []

Agreement,"[32] and that duty was breached. This language, as does the rest of the complaint,

suggests only common law claims.

Plaintiffs' causes of action are not the specific type of claims envisioned by legislators

who enacted the workers' compensation statutes to regulate the relationships of workers and

employers, and to separate injured workers' causes of action from traditional tort law. Utah's

Workers' Compensation Act[33] was enacted to "relieve[] employers of any common law liability

for injuries sustained by an employee 'on account of any accident or injury or death' that is

'contracted, sustained, aggravated, or incurred by the employee in the course of or because of or

---

[28] *Id*. at 3, *quoting* 13B Charles Alan Wright, et al., Federal Practice & Procedure § 3582. *See also Ausherman v. Stump*, 643 F.2d 715 (10th Cir.1981) (A suit brought for a breach of contract and fraud did not arise under federal law, even though the contract and fraud dealt with patents and trademarks, which create federal causes of action.)

[29] Complaint at 7-14.

[30] Motion to Remand at 12-13.

[31] Utah Code Ann. § 34A-2-110.

[32] Complaint at 12.

[33] Utah Code Ann. §§ 34A-2-101 to -1005.

arising out of the employee's employment.'"[34] No worker is a party to this case, and no employee's compensation benefits are at issue. This is a contractual dispute between an employer and an insurance company.

**Alternative Analysis: Substantial Question**

Plaintiffs also argue that their claims present a substantial question of Utah's workers' compensation laws. They rely on precedent from other circuits which interpreted the words "arising under" in section 1445(c) to have the same meaning as in 28 U.S.C. § 1331, which governs federal question jurisdiction.[35] Under 28 U.S.C. § 1331 the Supreme Court has held that "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."[36] Plaintiffs argue that this case is "a fight over rates—not only what was paid, but what payments qualify as premiums, as opposed to fees or claim reimbursements . . . " and that "determining the criteria by which Defendants' bad faith is to be measured inescapably requires a court to refer to Utah workers compensation law to define the standard that Defendants breached ."[37] Additionally, Plaintiffs contend that their "contractual claims turn on, among other things, the definitions of 'rate' and 'premium'"[38] as defined in the Act.

To determine, under 28 U.S.C. § 1331, if a claim depends on a substantial question of federal law under, the "disputed question of federal law [must be an] element of one of the well-

---

[34] *Helf v. Chevron U.S.A., Inc.*, 203 P.3d 962, 967 (Utah 2009).

[35] *Reed v. Heil Co.*, 206 F.3d 1055, 1059 (11th Cir.2000) (*referencing Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir.1991) and *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir.1995)).

[36] *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

[37] Motion to Remand at 3.

[38] *Id.* at 10.

pleaded state claims."[39] "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."[40] Likewise, to determine if a claim depends on a substantial question of state workers' compensation law under 28 U.S.C. § 1445(c), the disputed question of state workers' compensation law must be an element of one of the well pleaded claims in the complaint, and the mere presence of workers compensation law in a cause of action is not enough.

In *Harper v. AutoAlliance Int'l, Inc.*,[41] the Sixth Circuit the court found a retaliatory discharge claim did "not implicate the administrative or remedial mechanisms of that statutory scheme, require courts to interpret the statute, or seek an award of compensation for personal injury that causes a diminished wage-earning capacity, which is the only type of compensation that the statute affords,"[42] and therefore did not rely on a substantial question of workers' compensation law.

In this case, the contract between these parties, the insurer and the employer, will provide the remedies, not a statute designed to provide remedies for injured workers. Even though workers' compensation law served as the "background" or "a premise" of the case, this "does not mean that the [case] 'arises under' the workers' compensation laws, any more than a state tort based on the violation of a federal safety standard 'arises under' that standard for purposes of the federal question jurisdiction in 28 U.S.C. § 1331."[43]

---

[39] *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

[40] *Id*.

[41] 392 F.3d 195, 204 (6th Cir. 2004).

[42] *Id*. at 205.

[43] *Id*.

*Warner v. Crum & Forster Commercial Ins. Co.* denied remand of a common law breach of good faith claim even though Texas workers' compensation laws would affect damages calculations.[44] Even if "the prayer for damages [includes] an element measured by withheld worker's compensation benefits [this] does not convert the common law tort action to a worker's compensation action—it simply defines the scope of relief plaintiff seeks for the alleged breach of the common law duty."[45]

> The most that can be said about the relationship between the worker's insurance laws and the common law cause of action in such an event is that the worker's compensation laws are incidentally related to the cause of action based on breach of the common law duty.
>
> If Congress had intended to a cause an action such as this to be nonremovable, it undoubtedly would have used in 28 U.S.C. § 1445(c) the words "related to" rather than the words "arising under."[46]

In this case, workers' compensation law might be consulted in determining definitions of rates or premiums, yet this does not mean the case relies on a substantial question of workers' compensation law. This case may be related to workers compensation, but it does not arise under the statute.

Workers' compensation law is not an element of any of Plaintiffs' claims. Workers' compensation law does not provide the remedies for Plaintiffs' claims. Plaintiffs' claims do not present a substantial question of Utah workers' compensation law, and consulting workers' compensation law, while untangling this dispute, or the mere presence of workers compensation law in the background does not convert Plaintiffs' contract claims and common law fraud claims into workers' compensation claims.

---

[44] 839 F. Supp. 436, 439 (N.D. Tex. 1993).

[45] *Id*. at 439.

[46] *Id*.

## ORDER

IT IS HEREBY ORDERED that the Amended Motion to Remand[47] is DENIED because

Plaintiffs' causes of action do not arise under workers' compensation laws. The claims were not

created by workers' compensation law and do not rely on a substantial question of those laws.

The prior filed motion to remand is MOOT.[48]

IT IS FURTHER ORDERED that the motion to stay is MOOT.[49]

Dated March 31, 2014.

BY THE COURT:

David Nuffer
United States District Judge

---

[47] Docket no. 11.

[48] Docket no. 10.

[49] Motion to Stay and to Extend Time to Answer (Motion to Stay), docket no. 7, filed January 18, 2013